FILED
DEC 1 5 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

FRANK LOPEZ MARTINEZ,

        Petitioner,

    v.

GUY HALL,

        Respondent.

Civil No. 09-293-AC

FINDINGS AND RECOMMENDATION

C. RENEE MANES
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR 97204

      Attorney for Petitioner

JOHN R. KROGER
Attorney General
JONATHAN W. DIEHL
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301

      Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION -

ACOSTA, Magistrate Judge.

Petitioner, an inmate at the Twin Rivers Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition for Writ of Habeas Corpus should be DENIED.

## BACKGROUND

On August 14, 2000, the Malheur County District Attorney charged Petitioner by information with one count of Assault in the Fourth Degree and one count of Harassment. The charges arose from a July 25, 2000, incident during which Petitioner became angry when his wife failed to pick up their children from a pool. Petitioner began yelling at his wife and then hit her in the face with a 44-ounce cup of soda pop, soaking her shirt, marking her face, and reddening her eye. The victim had a black eye for about two and one-half weeks as a result.

Petitioner was arraigned on the charges in the information on June 5, 2003. At the arraignment, the trial court appointed attorney Manuel Perez to represent Petitioner. On July 11, 2003, Perez was allowed to withdraw. On July 14, 2003, the court appointed attorney David Carlson. On September 17, 2003, the court allowed Carlson to withdraw. The court appointed Gary Kiyuna to represent Petitioner, but instructed Petitioner that further "breakdown[s] in the attorney/client relationship" might result in Petitioner representing himself in the future.

The case proceeded to a jury trial with Kiyuna as Petitioner's counsel. On November 19, 2003, the jury found Petitioner guilty on both counts.

At the time of the jury trial, Petitioner had Measure 11 sodomy and sexual abuse charges pending. A different lawyer, Bergland, represented Petitioner in that case. Petitioner also had two

probation violation charges pending from two prior cases. Sentencing was set over on the Assault and Harassment convictions until after the sex offense trial.

Before the sentencing occurred, the trial judge allowed Kiyuna to withdraw after Petitioner told Kiyuna he could win the case on his own and that he intended to file a bar complaint against Kiyuna. This time, the trial court did not appoint new counsel.

On July 2, 2004, the trial court held a sentencing hearing. Petitioner appeared without counsel. The sentencing transcript does not include a colloquy concerning waiver of counsel. The judgment, however, stated that Petitioner was advised of his right to counsel and knowingly waived that right:

> [Petitioner] appeared in person and was in custody. [Petitioner] was advised of his/her right to counsel and right to request court-appointed counsel if unable to afford counsel. [Petitioner] knowingly waived the right to counsel and elected to proceed without counsel.

The court sentenced Petitioner to 9 months of imprisonment on the Assault in the Fourth Degree conviction and a consecutive 3-month term of imprisonment on the Harassment conviction. Petitioner was given credit for time served, meaning that he completed his sentence prior to sentencing and while in custody on the sex offense charges.

Petitioner filed a direct appeal raising the sole claim that the trial court erred when it failed to inform him of his right to counsel at sentencing and failed to obtain a waiver prior to sentencing. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *State v. Martinez*, 203 Or. App. 808, 129 P.3d 803, *rev. denied*, 340 Or. 483, 135 P.3d 318 (2006).

Petitioner then sought state post-conviction relief ("PCR"). He alleged his due process rights were violated because the trial court lacked jurisdiction to sentence him when he was not represented by counsel and did not waive the right to counsel. The PCR trial judge granted the State's motion to dismiss on the basis that the PCR petition failed to state a claim upon which post-conviction relief could be granted. The Oregon Court of Appeals summarily affirmed and the Oregon Supreme Court denied review. Resp. Exhs. 119 at ER01, 120.

On March 18, 2009, Petitioner filed this action. In his Petition for Writ of Habeas Corpus he alleges one ground for relief:

> **Ground One:** The trial court erred when it failed to inform [Petitioner] of his right to counsel at sentencing and failed to obtain, on the record, a valid waiver of the right to counsel.

Respondent argues Petitioner is not entitled to habeas corpus relief because the state court decisions denying relief were not contrary to or an unreasonable application of clearly established federal law.

## LEGAL STANDARDS

Under 28 U.S.C. § 2254(d)(1), habeas corpus relief may not be granted on any claim that was adjudicated on the merits in state court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court decision is not considered "contrary to" established Supreme Court precedent unless it "applies a rule that contradicts the governing law set forth in [Supreme Court cases]" or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme]

Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). A federal habeas court cannot overturn a state decision "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. 362, 409 (2000).

An "unreasonable application" of clearly established Supreme Court law occurs when "the state court identifies the correct governing legal principle ... but unreasonably applies that principle to the facts of the ... case." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) (citing *Williams*, 529 U .S. at 413), *cert. denied*, 546 U.S. 963 (2005). "'Clearly established Federal law' is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lambert*, 393 F.3d at 974.

In conducting a review under § 2254, this Court must look to the last reasoned state-court decision. *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003) (citing *Franklin v. Johnson*, 290 F.3d 1223, 1233 n. 3 (9th Cir. 2002)), *cert. denied*, 541 U.S. 1037 (2004). When the state court does not issue an opinion or otherwise supply the reasoning for a decision, federal habeas review is not *de novo*. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000), *overruled on other grounds by Lockyer*, 538 U.S. at 75-76. Instead, this court considers whether the state decision was "objectively reasonable" after conducting an independent review of the record. *Id.*

## DISCUSSION

Under the Sixth Amendment, a person facing criminal charges and the risk of incarceration is guaranteed the right to assistance of counsel at every critical stage of the proceeding. *Gideon v.*

*Wainwright*, 372 U.S. 335 (1963). Critical stages of the criminal process include both trial and sentencing. *Gardner v. Florida*, 430 U.S. 349, 358 (1997). The right to counsel is fundamental and does not depend on a request by the defendant. *Carnley v. Cochran*, 369 U.S. 506, 513 (1962).

A person accused of a crime may choose to forego representation by waiving the right to counsel. *Faretta v. California*, 422 U.S. 806 (1975). "Waiver of the right to counsel, as of constitutional rights in the criminal process generally, must be a 'knowing, intelligent ac[t] done with sufficient awareness of the relevant circumstances.'" *Iowa v. Tovar*, 541 U.S. 77, 80 (2004) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). The Supreme Court has described a waiver of counsel as intelligent "when the defendant 'knows what he is doing and his choice is made with eyes open.'" *Tovar*, 541 U.S. at 88 (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942)).

"Neither the Constitution nor *Faretta* compels the [trial] court to engage in specific colloquy with the defendant." *Lopez v. Thompson*, 202 F.3d 1110, 1117 (9th Cir.), *cert. denied*, 531 U.S. 883 (2000). Indeed, the Supreme Court noted "[w]e have not . . . prescribed any formula or script to be read to a defendant who states that he elects to proceed without counsel." *Tovar*, 541 U.S. at 88. Instead, "[t]he information a defendant must possess in order to make an intelligent election . . . will depend on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding." *Id*. (citing *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). "[I]n a collateral attack on an uncounseled conviction, it is the defendant's burden to prove that he did not competently and intelligently waive his right to the assistance of counsel." *Tovar*, 541 U.S. at 92.

Here, the state court decisions that Petitioner knowingly and intelligently waived his right to counsel at the sentencing were not contrary to or an unreasonable application of *Tovar*. After precipitating the withdrawal of his first two attorneys prior to trial, Petitioner told his third court-appointed attorney after the trial that he wanted that attorney to withdraw and that he wished to proceed without counsel. The third attorney represented Petitioner in the underlying trial, and having experienced the trial Petitioner was fully aware of the charges against him. In addition, the transcript from the sentencing hearing makes clear that the trial on the sex abuse charges was in progress, and that Petitioner was represented by counsel in that trial.

At the sentencing hearing, Petitioner made no request for an attorney. Instead, through counsel, Petitioner had previously informed the trial court that he wanted to proceed on his own behalf. At the sentencing hearing, before imposing sentence, the judge asked Petitioner if he had anything else he wanted "to point out." Petitioner said he did not and the judge proceeded to impose sentence on the Assault and Harassment charges.

The judge then turned to the matter of two outstanding probation violations. Petitioner expressed confusion, explaining that he had not admitted the probation violations and had not spoken about them to an attorney. The court offered to give Petitioner time to confer with an attorney.

The prosecutor explained that the probation violations were the result of the Assault and Harassment convictions, and the judge explained to Petitioner that he was effectively done with his misdemeanor sentences because the judge intended to run the parole violations concurrent to the other charges and give Petitioner credit for timed served. Petitioner then decided he did not need

7 - FINDINGS AND RECOMMENDATION -

to consult with an attorney and that he would proceed *pro se*. He admitted the probation violations and the trial court imposed the sentence described. Petitioner's behavior at the sentencing hearing demonstrated he was well aware of his right to counsel.

The trial judge had the opportunity to observe Petitioner's demeanor at the sentencing hearing. In his written judgment, he memorialized his conclusion that Petitioner knowingly and intelligently waived his right to counsel. This conclusion was neither "contrary to," nor an "unreasonable application" of any clearly established federal law. Accordingly, Petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2254.

## RECOMMENDATION

For these reasons, the Petition for Writ of Habeas Corpus should be DENIED and judgment of dismissal should be entered.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability should be DENIED. *See* 28 U.S.C. § 2253(c)(2).

## SCHEDULING

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due December 28, 2010. If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 14 days after filing of the objections. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this 15 day of December, 2010.

John V. Acosta
United States Magistrate Judge