IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

FRANK LOPEZ MARTINEZ,                                          CV. 09-293-AC

        Petitioner,                                                    ORDER

  v.

GUY HALL,

        Respondent.

MARSH, Judge

    Magistrate Judge John V. Acosta issued a Findings and Recommendation (#22) on December 15, 2010. The Magistrate Judge recommended that Petitioner's Petition for Writ of Habeas Corpus (#2) should be denied.

    Petitioner has filed timely objections through his counsel (#24), and Respondent has filed a response (#25). When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. See 28 U.S.C. § 636(b)(1)(B); McDonnell Douglas Corp. v. Commodore

1 - ORDER

Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982).  For the reasons set forth below, I adopt the recommendation that petitioner's habeas corpus petition be denied.  However, contrary to Judge Acosta's recommendation, I grant petitioner a certificate of appealability.

## DISCUSSION

Petitioner's first objection to the Findings and Recommendation essentially renews arguments presented in his briefing to Judge Acosta.  Because the court concludes that petitioner's habeas petition should be denied for the reasons stated in the Findings and Recommendation, Petitioner's first objection is rejected.

Petitioner's second objection contends that the Findings and Recommendation defers to the incorrect state court ruling.  Petitioner asserts that the Findings and Recommendation improperly provides deference to the trial court's finding that petitioner knowingly and intelligently waived his right to counsel at sentencing.  (See F&R (#22), p. 8.)  I disagree.

When reviewing habeas corpus petitions, the court must look to the "last reasoned state court decision."  Miller v. Blacketter, 525 F.3d 890, 894 & n.2 (9th Cir. 2008), cert. denied, 129 S. Ct. 972 (2009); accord Lynn v. Farmon, 347 F.3d 735, 738 (9th Cir. 2003), cert. denied, 541 U.S. 1037 (2004).  Petitioner asserted on direct appeal that the trial court erred in failing to obtain a

2 - ORDER

valid waiver of counsel prior to sentencing.  In this case, the Oregon Court of Appeals affirmed petitioner's direct appeal of his conviction without opinion, and the Oregon Supreme Court denied review. (F & R (#22) p. 3.)  Thus, the trial court's determination that petitioner knowingly and intelligently waived his right to counsel is the last reasoned state court decision.  It is clear from the Findings and Recommendation that because the state appellate courts did not supply a reasoned decision, Judge Acosta undertook the appropriate independent review of the record, and appropriately looked through to the trial court's decision to determine whether it was contrary to or an unreasonable application of Supreme Court precedent.  <u>Miller</u>, 525 F.3d at 894.  Because the state courts' rejection of his Constitutional claims was neither contrary to, nor an unreasonable application of clearly established federal law under 28 U.S.C. § 2254, petitioner's second objection is rejected.

In conclusion, the court has given the file of this case a *de novo* review, and has carefully evaluated the Magistrate Judge's Findings and Recommendation, petitioner's objections, and the record of the case.  The Findings and Recommendation is well-reasoned, without error, and is adopted.

////

////

////

3 - ORDER

## CONCLUSION

Based on the foregoing, I ADOPT the Findings and Recommendation (#22) of Judge Acosta that petitioner's Petition for Writ of Habeas Corpus (#2) be DENIED, and this proceeding be DISMISSED, with prejudice. However, petitioner is GRANTED a certificate of appealability on ground one – whether petitioner knowingly and intelligently waived his right to counsel at sentencing. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this _20___ day of January, 2011.

/s/ Malcolm F. Marsh_____
Malcolm F. Marsh
United States District Judge